Nos. 17-1118, -1202

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

ORACLE AMERICA, INC.,

   Plaintiff-Appellant,

   v.

GOOGLE INC.,

   Defendant-Cross-Appellant.

**PLAINTIFF-APPELLANT ORACLE AMERICA, INC.'S
UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO FILE ITS OPENING BRIEF**

Pursuant to Fed. R. App. P. 26(b) and Fed. Cir. R. 26(b), Plaintiff-Appellant Oracle America, Inc. respectfully requests an extension of 45 days to file its opening brief. Oracle's request is unopposed.

In support of this motion, Oracle states the following:

1.   Oracle's opening brief is currently due on December 27, 2016. If this motion is granted, the brief will be due on February 10, 2017. This is Oracle's first request for an extension.

2.　　This extension is necessary in part because of the press of other matters. Undersigned counsel has a response brief due on December 14, 2016 in the Supreme Court in *Lynch v. Dimaya* (No. 15-1498); a cert reply brief due on December 6, 2016 in the Supreme Court in *Bulk Juliana, Ltd. v. World Fuel Services (Singapore) PTE, Ltd.* (No. 16-26); a cert reply brief due on December 6, 2016 in the Supreme Court in *Security University, LLC v. International Information Systems Security Certification Consortium, Inc.* (No. 16-352); and a brief of cross-appellees due on December 28, 2016 in the Texas Fifth Court of Appeals at Dallas in *Claymore Holdings v. Credit Suisse* (No. 05-15-01463-CV).

3.　　The extension is also necessary because this case is very complex. This is a patent infringement and copyright infringement case, with only copyright claims outstanding. Specifically, Google copied thousands of lines of Oracle's source code and incorporated it into its Android operating system.

4.　　This is the second time this case has come before this Court. Oracle first appealed in 2012 after a 12-day trial that produced 2,800 transcript pages. After the jury found that Google infringed and hung on whether Google's copying was a fair use under the Copyright Act, the

district court concluded that Oracle's source code was not copyrightable and entered judgment for Google. In a 69-page published opinion, this Court reversed. *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014) (O'Malley, Plager, Taranto). This Court unanimously found that Oracle's software is copyright protected and ordered the jury's infringement verdict reinstated. The Court also remanded for a new trial on Google's defense of fair use.

5. The case returns to this Court after a retrial on fair use. Two years later, the record is now even more substantial than in the first appeal. The parties engaged in extensive post-remand discovery and now have produced in total in this litigation over 40 million pages of documents, more than 10 million pages since this Court's decision in 2014. The first phase of the fair use trial alone lasted approximately two weeks, with over 2,200 pages of trial transcript and over 200 admitted exhibits. There were more than 800 filings in the district court just on remand, bringing the total filings on the district court docket to 2,075 entries. The district court docket alone is almost 250 pages long.

6. Counsel for Oracle has conferred with Daryl Joseffer, counsel of record for Google, who has indicated that Google does not oppose this motion.

7. Good cause having been shown, the undersigned respectfully requests that the Court grant Oracle's motion for a 45-day extension to file its opening brief.

Date: November 29, 2016         Respectfully submitted,

 /s/ E. Joshua Rosenkranz
E. Joshua Rosenkranz
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

*Counsel for Plaintiff-Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Oracle America, Inc.   **v.**   Google Inc.

Case No.   17-1118, -1202

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☒ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

Oracle America, Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| Oracle America, Inc. | None | Oracle Corporation |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

See Attachment A

November 29, 2016                                    /s/ E Joshua Rosenkranz
         Date                                                Signature of counsel

Please Note: All questions must be answered       E. Joshua Rosenkranz
                                                   Printed name of counsel

cc:  Counsel of Record

Reset Fields

# ATTACHMENT A

4. The following law firms and partners or associates appeared for Oracle America, Inc. in the Northern District of California or are expected to appear in this Court (and have not or will not enter an appearance in this case):

ORRICK, HERRINGTON & SUTCLIFFE LLP

Alyssa M. Caridis
Jeffrey L. Cox
Michelle O'Meara Cousineau
Kelly M. Daley
Vickie Feeman
Melinda Haag
Karen G. Johnson-McKewan
Ayanna Lewis-Gruss
Randall S. Luskey
Elizabeth C. McBride (no longer with firm)
Denise M. Mingrone
Geoffrey G. Moss
Gabriel M. Ramsey
Nathan D. Shaffer
Robert P. Varian
Christina M. Von Der Ahe

KIRKLAND & ELLIS LLP

Susan Davies
Sean Fernandes
Diana M. Torres

MORRISON & FOERSTER LLP

Ruchika Agrawal (no longer with firm)
Richard S. Ballinger (no longer with firm)
Michael A. Jacobs
Rudolph Kim
Kenneth A. Kuwayti
Daniel P. Muino
Marc David Peters
Roman A. Swoopes (no longer with firm)
Yuka Teraguchi
Mark E. Ungerman (no longer with firm)

Boies, Schiller & Flexner LLP

David Boies
Meredith R. Dearborn
Steven C. Holtzman
William F. Norton, Jr.
Beko Osiris Ra Reblitz-Richardson
Alanna Rutherford

Nos. 17-1118, -1202

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

ORACLE AMERICA, INC.,

    Plaintiff-Appellant,

    v.

GOOGLE INC.,

    Defendant-Cross-Appellant.

**DECLARATION OF E. JOSHUA ROSENKRANZ IN SUPPORT OF PLAINTIFF-APPELLANT'S MOTION FOR AN EXTENSION OF TIME**

I, E. Joshua Rosenkranz, counsel for Oracle America, Inc., declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am counsel for Oracle in this appeal. I submit this declaration in support of Oracle's unopposed motion for a forty-five day extension of time to file its opening brief.

2. Oracle's opening brief is currently due on December 27, 2016. If this motion is granted, the brief will be due on February 10, 2017. This is Oracle's first request for an extension.

1

3.   I request this extension in part to accommodate the press of other matters. I have a response brief due on December 14, 2016 in the Supreme Court in *Lynch v. Dimaya* (No. 15-1498). I have a cert reply brief due on December 6, 2016 in the Supreme Court in *Bulk Juliana, Ltd. v. World Fuel Services (Singapore) PTE, Ltd.* (No. 16-26). I have a cert reply brief due on December 6, 2016 in the Supreme Court in *Security University, LLC v. International Information Systems Security Certification Consortium, Inc.* (No. 16-352). I have a brief of cross-appellees due on December 28, 2016 in the Texas Fifth Court of Appeals at Dallas in *Claymore Holdings v. Credit Suisse* (No. 05-15-01463-CV).

8.   I also request this extension because this case is very complex. This is a patent infringement and copyright infringement case, with only copyright claims outstanding. Specifically, Google copied thousands of lines of Oracle's source code and incorporated it into its Android operating system.

9.   This is the second time this case has come before this Court. Oracle first appealed in 2012 after a 12-day trial that produced 2,800 transcript pages. After the jury found that Google infringed and hung on whether Google's copying was a fair use under the Copyright Act, the

district court concluded that Oracle's source code was not copyrightable and entered judgment for Google. In a 69-page published opinion, this Court reversed. *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014) (O'Malley, Plager, Taranto). This Court unanimously found that Oracle's software is copyright protected and ordered the jury's infringement verdict reinstated. The Court also remanded for a new trial on Google's defense of fair use.

10. The case returns to this Court after a retrial on fair use. Two years later, the record is now even more substantial than in the first appeal. The parties engaged in extensive post-remand discovery and now have produced in total in this litigation over 40 million pages of documents, more than 10 million pages since this Court's decision in 2014. The first phase of the fair use trial alone lasted approximately two weeks, with over 2,200 pages of trial transcript and over 200 admitted exhibits. There were more than 800 filings in the district court just on remand, bringing the total filings on the district court docket to 2,075 entries. The district court docket alone is almost 250 pages long.

11. Counsel for Oracle has conferred with Daryl Joseffer, counsel of record for Google, who has indicated that Google does not oppose this motion.

Date: November 29, 2016

Respectfully submitted,

 /s/ E. Joshua Rosenkranz 
E. Joshua Rosenkranz
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on November 29, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ E. Joshua Rosenkranz*
E. Joshua Rosenkranz
*Counsel for Plaintiff-Appellant*