# Nos. 17-1118, -1202

## IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ORACLE AMERICA, INC.,

*Plaintiff-Appellant,*

v.

GOOGLE INC.,

*Defendant-Cross-Appellant.*

Appeal from the United States District Court for the Northern District of California, Case No. 3:10-cv-03561-WHA, Hon. William H. Alsup

## GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE CAPTION

| | |
|---|---|
| Bruce W. Baber | Daryl L. Joseffer |
| KING & SPALDING LLP | *Principal Attorney* |
| 1180 Peachtree Street, NE | KING & SPALDING LLP |
| Atlanta, GA 30309 | 1700 Pennsylvania Ave. NW |
| Telephone: (404) 572-4600 | Washington, D.C. 20006 |
| | Telephone: (202) 737-0500 |
| | djoseffer@kslaw.com |

*Counsel for Google LLC*

October 24, 2017

# CERTIFICATE OF INTEREST

Counsel for Google LLC certifies the following:

1. The full name of the party represented by me is Google LLC.

2. The name of the real party in interest is Google LLC.

3. Google LLC is a wholly owned subsidiary of XXVI Holdings Inc., which is a wholly owned subsidiary of Alphabet Inc., a publicly traded company (NASDAQ: GOOG, GOOGL). No publicly traded company owns 10% or more of Alphabet Inc.'s stock.

4. The names of all law firms and the partners and associates that have appeared for the party in the trial court or are expected to appear for the party in this Court and who are not already listed on the docket for this case are:

   KING & SPALDING LLP: Christopher C. Carnaval; Geoffrey M. Ezgar; Truman H. Fenton; Mark H. Francis; Marisa Maleck; Robert F. Perry; Cheryl A. Sabnis; Steven T. Snyder; Anne M. Voigts; Scott T. Weingaertner; Joseph R. Wetzel; and Donald F. Zimmer, Jr.

   KEKER & VAN NEST LLP: Edward Andrew Bayley; Elizabeth Ann Egan; Sarah Brienne Faulkner; Maya Beth Karwande; Kate Ellis Lazarus; Eugene Morris Paige; Daniel Edward Purcell; Steven Ragland; and David Zimmer.

   GREENBERG TRAURIG LLP: Ian Ballon; Valerie Wing Ho; Wendy Michelle Mantell; Dana K. Powers; and Luis Villa, IV.

5. I am not aware of a case pending in this Court or another court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal.

October 24, 2017                    */s/ Daryl L. Joseffer*
                                    Daryl L. Joseffer

## GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE CAPTION

Oracle says it "does not want to be obstinate" (Mot. 1), but it proceeds to be nothing but obstinate, and pointlessly so. Google converted from a corporation to limited liability company on September 30, 2017. As a result, it is now known as Google LLC, as opposed to Google Inc. After consulting with the clerk's office, Google filed an amended certificate of interest and moved to amend the case caption to refer to Google LLC instead of Google Inc.

This Court has granted the same motion in more than a dozen other cases, without objection from any of the parties to those cases.[1]

---

[1] *See, e.g.*, Order, ECF No. 50, *Google LLC v. At Home Bondholders' Liquidating Trust*, Nos. 2016-2727, -2729 (Fed. Cir. Oct. 23, 2017); Order, ECF No. 91, *Smartflash LLC v. Samsung Elec. Am.*, Nos. 2016-2451, -2452, -2455, -2457, -2458, 2017-1056, -1102, -1104, -1109, -1110, -1111 (Fed. Cir. Oct. 17, 2017); Order, ECF No. 35, *Uniloc USA, Inc. v. Amazon.com, Inc.*, No. 2017-2051 (Fed. Cir. Oct. 16, 2017); Order, ECF No. 36, *Google LLC v. Personal Audio, LLC*, Nos. 2017-1162, -1166, -2110, -2111 (Fed. Cir. Oct. 16, 2017); Order, ECF No. 21, *Google LLC v. Lee*, Nos. 2017-2227, -2272 (Fed. Cir. Oct. 16, 2017); Order, ECF No. 18, *Vedanti Licensing Ltd. v. Google LLC*, No. 2017-2169 (Fed. Cir. Oct. 11, 2017); Order, ECF No. 18, *Google LLC v. Core Wireless Licensing*, No. 17-2456 (Fed. Cir. Oct. 11, 2017); Order, ECF No. 53, *Google LLC v. Network-1 Techs., Inc.*, Nos. 2016-2509, -2510, -2511, -2512 (Fed. Cir. Oct. 6, 2017); Order, ECF No. 21, *Zuili v. Google LLC*, Nos. 2017-2161, -2258, -2267 (Fed. Cir. Oct. 5, 2017); Order, ECF No. 53, *Data Engine Techs. LLC v. Google LLC*, No. 2017-1135 (Fed.

Other courts have consistently granted the same motion as well, again without objection.[2]

The reason is obvious: The entity that was Google Inc. is now Google LLC, and Google LLC is therefore the party properly named in the case caption going forward. Oracle states "the change may adversely affect its interests" (Mot. 3), but does not indicate how a ministerial change to the caption could possibly have that effect.

Oracle demands assurances, but Google already provided them. As a matter of law, "[w]hen a corporation has been converted to another entity or business form pursuant to this section, the other entity or business form shall . . . be deemed to be the same entity as the corporation." Del. Code § 266(h). "When any conversion shall have

---

Cir. Oct. 4, 2017); Order, ECF No. 63, *Interval Licensing LLC v. AOL, Inc.*, Nos. 2016-2502, -2505, -2506, -2507 (Fed. Cir. Oct. 3, 2017); Order, ECF No. 54, *ART+COM Innovationpool GmbH v. Google LLC*, No. 2017-1016 (Fed. Cir. Oct. 3, 2017); Order, ECF No. 27, *Vederi, LLC v. Google LLC*, Nos. 2016-1919, -1979, 2017-1479 (Fed. Cir. Oct. 3, 2017).

[2] *See, e.g.*, Order, ECF No. 490, *Unwired Planet, LLC v. Google LLC*, No. 12-cv-00504 (D. Nev. Oct. 13, 2017); Order, ECF No. 82, *SEVEN Networks, LLC v. Google LLC*, No. 17-cv-00442 (E.D. Tex. Oct. 12, 2017); Order, ECF No. 65, *Performance Pricing Holdings, LLC v. Google LLC*, No. 15-cv-09712 (S.D.N.Y. Oct. 12, 2017); Order, ECF No. 45, *Makor Issues & Rights Ltd. v. Waze, Inc.*, No. 16-cv-00100 (D. Del. Oct. 5, 2017); Order, ECF No. 157, *Williamson v. Google LLC*, No. 15-cv-00966 (N.D. Cal. Oct. 4, 2017).

become effective . . . all of the rights, privileges and powers of the corporation that has converted, and all property, real, personal and mixed, and all debts due to such corporation, as well as all other things and causes of action belonging to such corporation, shall remain vested in the other entity or business form to which such corporation has converted." *Id.* In case that was not clear enough, Google confirmed to Oracle that, among other things, "Google LLC retains all of Google Inc.'s obligations, debts, and liabilities, as well as all of Google Inc.'s assets." Opp., Exh. 1, at 2.

Oracle acknowledges Google's assurances, and does not appear to take issue with their adequacy. Opp. at 2. Instead, Oracle complains that Google did not enter into a more formal stipulation or allow Oracle to dictate the exact language of Google's ministerial motion. *Id.* at 2–3. This is a pointless waste of everyone's time, as Google already emphasized to Oracle. *See* Opp., Exh. 1, at 2.

                        Respectfully submitted,

October 24, 2017                */s/ Daryl L. Joseffer*

Daryl L. Joseffer
  *Principal Attorney*
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 737-0500
djoseffer@kslaw.com

Bruce W. Baber
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600

*Counsel for Defendant-Cross Appellant Google LLC*

## CERTIFICATE OF SERVICE

On October 24, 2017, I caused the foregoing to be filed with the Court electronically using the CM/ECF system, which will send a notification to all counsel of record.

October 24, 2017                           */s/ Daryl L. Joseffer*
                                           Daryl L. Joseffer