Case Nos. 2017-1118, -1202

**UNITED STATES COURT OF APPEALS**

**FOR THE FEDERAL CIRCUIT**

**ORACLE AMERICA, INC.,**

*Plaintiff-Appellant,*

v.

**GOOGLE LLC,**

*Defendant-Cross-Appellant.*

Appeal from the United States District Court for the Northern District of California in Case No. 10-cv-3561, Judge William H. Alsup

# BRIEF OF AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF THE PETITION FOR REHEARING EN BANC

Michael Barclay
(*Principal Attorney of Record*)
Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109-7701
Tel: (415) 436-9333
Fax: (415) 436-9993
michael@eff.org
*Attorneys for Amicus Curiae Electronic Frontier Foundation*

June 11, 2018

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for Amicus Curiae certifies that:

1. The full name of the amicus I represent is:

Electronic Frontier Foundation

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) I represent is: N/A

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the amicus curiae I represent are: None.

4. The names of all law firms and the partners or associates that appeared for the amicus I represent or are expected to appear in this Court are: Michael Barclay and Mitchell L. Stoltz, Electronic Frontier Foundation, San Francisco, California.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal: None.

June 11, 2018

/s/ Michael Barclay
Michael Barclay
*Attorneys for Amicus Curiae*
*Electronic Frontier Foundation*

# TABLE OF CONTENTS

**Page**


CERTIFICATE OF INTEREST .................... i

TABLE OF AUTHORITIES .................... iii

TABLE OF CONVENTIONS .................... v

STATEMENT OF IDENTITY AND INTEREST OF AMICUS CURIAE .................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT .................... 1

ARGUMENT .................... 2

I. The Fundamental Purpose of Copyright in General, and Fair Use Specifically, Is to Serve the Public Interest .................... 2

II. The Panel Decision Conflicts With Fair Use Principles of the Supreme Court and of Other Circuits .................... 5

A. Fair Use Is Not a "Limited Exception" to Copyright .................... 5

B. Liberal and Flexible Fair Use Analysis Is Especially Crucial When Dealing with New, Functional Technologies .................... 6

C. The Panel Decision's Analysis of the Second Fair Use Factor Conflicts with *Sega* and *Sony* .................... 7

D. The Panel Decision Conflicts with Ninth Circuit Law on the Third Factor .................... 10

CONCLUSION .................... 10

CERTIFICATE OF SERVICE .................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Authors Guild v. Google, Inc.*,
804 F.3d 202 (2d Cir. 2015)
*cert. denied*, 136 S. Ct. 1658 (2016) ....................7

*Berlin v. E. C. Publications Inc.*,
329 F.2d 541 (2d Cir. 1964) ....................3

*Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*,
803 F.3d 1032 (9th Cir. 2015) ....................3, 5

*Blanch v. Koons*,
467 F.3d 244 (2d Cir. 2006) ....................3

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) ....................4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ....................3, 8

*Lenz v. Universal Music Corp.*,
815 F.3d 1145 (9th Cir. 2015) ....................5, 6

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
49 F.3d 807 (1st Cir. 1995),
*aff'd*, 516 U.S. 233 (1996) ....................9

*Oracle Am. v. Google Inc.*,
750 F.3d 1339 (Fed. Cir. 2014),
*cert. denied*, 135 S. Ct. 2887 (2015) ....................4

*Oracle Am., Inc. v. Google LLC*,
886 F.3d 1179 (Fed. Cir. 2018)....................2, 5, 8, 10

*Perfect 10, Inc. v. Amazon.com, Inc.*,
508 F.3d 1146 (9th Cir. 2007). ....................7

*Rosemont Enters., Inc. v. Random House, Inc.*,
366 F.2d 303 (2d Cir. 1966) ......................................................................3

*Sega Enters. v. Accolade, Inc.*,
977 F.2d 1510 (9th Cir. 1992) ..........................................................*passim*

*SOFA Entertainment, Inc. v. Dodger Productions, Inc.*,
709 F.3d 1273 (9th Cir. 2013) ......................................................................10

*Sony Computer Ent'mt, Inc. v. Connectix Corp.*,
203 F.3d 596 (9th Cir. 2000) ......................................................................8

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
464 U.S. 417 (1984) ......................................................................6, 7

*Stewart v. Abend*,
495 U.S. 207 (1990) ......................................................................4

*Twentieth Century Music Corp. v. Aiken*,
422 U.S. 151 (1975) ......................................................................3, 4

**Statutes**

17 U.S.C. § 107 ......................................................................7

**Constitutional Provisions**

U.S. CONST., art. I, § 8, cl. 8 ......................................................................2

**Legislative Materials**

H.R. Rep. No. 94-1476 (1976)......................................................................6

**Other Authorities**

Pierre N. Leval, *Toward a Fair Use Standard*,
103 Harv. L. Rev. 1105 (1990)......................................................................3

# TABLE OF CONVENTIONS

| | |
|---|---|
| Oracle | Plaintiff-Appellant Oracle America, Inc. |
| Google | Defendant-Cross-Appellant Google LLC |
| *Oracle I* | *Oracle Am. v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014), *cert. denied*, 135 S.Ct. 2887 (2015) |
| Panel Decision or *Oracle II* | *Oracle Am. v. Google LLC*, 886 F.3d 1179 (Fed. Cir. 2018) |
| Dkt. No. | District Court docket number entries (unless otherwise indicated, in N.D. Cal. Case No. 3:10-cv-3561) |
| Appx | Appendix cites to the Trial Transcript of the fair use trial in the district court, May 9-26, 2016 |
| JMOL Order | Order Denying Rule 50 Motions, Dkt. No. 1988, June 8, 2016 |

## STATEMENT OF IDENTITY AND INTEREST OF AMICUS CURIAE[1]

The Electronic Frontier Foundation ("EFF") is a non-profit civil liberties organization that has worked for 28 years to protect consumer interests, innovation, and free expression in the digital world. EFF and its more than 38,000 dues-paying members have a strong interest in helping the courts and policymakers strike the appropriate balance between intellectual property and the public interest, and ensuring that copyright law serves the interests of creators, innovators, and the general public.

This brief is being tendered with a motion for leave to file this brief.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should rehear this case en banc to correct splits in the law of the circuits between this Court's Panel Decision, on the one hand, and the Ninth and other circuits, on the other hand. Those splits concern both the reach of copyright protection, and the application of the fair use doctrine in software

[1] No party or party's counsel authored this brief in whole or in part, or contributed money that was intended to fund preparing or submitting this brief. No person other than amicus, its members, or its counsel contributed money that was intended to fund preparing or submitting this brief. In 2012, the district court ordered the parties to disclose any financial relationships with commentators about this case. Dkt. No. 1229. In response, Google identified EFF as an organization to which it has contributed, and specifically identified one of EFF's lawyers who is counsel on this brief. Dkt. No. 1240. The district court took no further action. Dkt. No. 1242. To make it clear, under Fed. R. App. P. 29(a)(4)(E), Google's general contributions to EFF were not intended to fund preparing or submitting this brief.

cases.

Simply put, the Panel Decision, *Oracle Am., Inc. v. Google LLC*, 886 F.3d 1179 (Fed. Cir. 2018) ("Panel Decision"), construes copyright protection too broadly and fair use too narrowly. Its copyright analysis lost sight of the multiple public interests at play in this case, which counsel firmly in favor of a fair use finding. And its fair use analysis misread both factors two and three, directly contravening clear guidance from the Ninth Circuit.

## ARGUMENT

### I. THE FUNDAMENTAL PURPOSE OF COPYRIGHT IN GENERAL, AND FAIR USE SPECIFICALLY, IS TO SERVE THE PUBLIC INTEREST

The Progress Clause of the Constitution empowers Congress "[t]o promote the Progress of Science . . . by securing for limited Times to Authors . . . the exclusive Right to their . . . Writings." U.S. CONST., art. I, § 8, cl. 8. As the Supreme Court has explained, that "exclusive right" is deliberately circumscribed so as to best serve the overall public interest:

> The limited scope of the copyright holder's statutory monopoly, like the limited copyright duration required by the Constitution, reflects a balance of competing claims upon the public interest: Creative work is to be encouraged and rewarded, but private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts. The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good. 'The sole interest of the United States and the primary object in conferring the monopoly,' this Court has said, 'lie in the general

> benefits derived by the public from the labors of authors.' *When technological change has rendered its literal terms ambiguous, the Copyright Act must be construed in light of this basic purpose.*

*Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975) (footnotes and citations omitted) (emphasis added).

The Ninth Circuit follows these principles. That court views "the primary objective" of the Progress Clause as "not to reward the labor of authors, but '[t]o promote the Progress of Science and useful Arts.'" *Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037 (9th Cir. 2015) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991)).

The Second Circuit agrees: "the monopoly created by copyright thus rewards the individual author in order to benefit the public." *Blanch v. Koons*, 467 F.3d 244, 250 (2d Cir. 2006) (quoting Pierre N. Leval, *Toward a Fair Use Standard*, 103 Harv. L. Rev. 1105, 1108 (1990)). Thus, "courts in passing upon particular claims of infringement must occasionally subordinate the copyright holder's interest in a maximum financial return to the greater public interest in the development of art, science and industry." *Rosemont Enters., Inc. v. Random House, Inc.*, 366 F.2d 303, 307 (2d Cir. 1966) (quoting *Berlin v. E. C. Publications Inc.*, 329 F.2d 541, 544 (2d Cir. 1964)).

These principles are also embodied in the fair use doctrine. The doctrine is "necessary to fulfill copyright's very purpose" because it helps ensure that a

"rigid application of the copyright statute" does not "stifle the very creativity which that law is designed to foster." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575, 577 (1994) (quoting *Stewart v. Abend*, 495 U.S. 207, 236 (1990)). Accordingly, the public interest in promoting innovation must inform any fair use analysis. Moreover, the leading Ninth Circuit case on fair use of *software* specifically tied its analysis to "the ultimate aim" of copyright: "to stimulate artistic creativity for the general public good." *Sega Enters. v. Accolade, Inc.*, 977 F.2d 1510, 1527 (9th Cir. 1992) (citing *Aiken*).

Despite this unambiguous controlling and persuasive authority, this Court has adopted a woefully impoverished view of the public interests at issue here. As the Ninth Circuit has recognized, granting copyright protection to functional concepts in computer programs "confers on the copyright owner a *de facto* monopoly over those ideas and functional concepts" and "defeats the fundamental purpose of the Copyright Act." *Sega*, 977 F.2d at 1527 (italics in original). A host of technology pioneers and many other amici begged this Court to recognize that treating the APIs in question as copyrightable would undermine decades of established practice and future innovation. This Court ignored their pleas and, by extension, the public interest in future creativity, legal certainty, and innovation. *Oracle Am. v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2887 (2015).

Having directed the parties to rely on the fair use doctrine instead, the Panel Decision then compounded the Court's previous error by taking the virtually unprecedented step of rejecting the jury's fair use verdict and substituting its own analysis. Once again, that analysis ignored the competing public interest in avoiding turning software development into a web of licensing schemes. Indeed, the Panel Decision *never* mentions or considers any public interest or public good served by allowing fair use access to the Java APIs.

Limits on copyrightability and the fair use doctrine are both designed to ensure that copyright law serves the public interest. If the Panel Decision stands, this Circuit will have rejected both approaches, contravening the clear guidance of the Supreme Court as well as clear Ninth Circuit precedent. *Aiken*, 422 U.S. at 156; *Bikram's Yoga*, 803 F.3d at 1037; *Sega*, 977 F.2d at 1527.

## II. THE PANEL DECISION CONFLICTS WITH FAIR USE PRINCIPLES OF THE SUPREME COURT AND OF OTHER CIRCUITS

### A. Fair Use Is Not a "Limited Exception" to Copyright

The Panel Decision's "legal framework" begins on the wrong foot. The decision describes fair use as "a limited exception to the copyright holder's exclusive rights." *Oracle Am.*, 886 F.3d at 1190. But as the Ninth Circuit has expressly concluded, the ability to make fair use of works without permission from the rightsholder is an *affirmative right* that is central to copyright law. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151-53 (9th Cir. 2015). "Fair

use is not just excused by the law, it is *wholly authorized* by the law." *Id*. at 1151 (emphasis added). Accordingly, while it is indeed raised procedurally as a defense, the Ninth Circuit treats fair use as a "right granted by the Copyright Act of 1976." *Id*. at 1152 (citation omitted; agreeing with the Eleventh Circuit).

### B. Liberal and Flexible Fair Use Analysis Is Especially Crucial When Dealing with New, Functional Technologies

Fair use was designed to ensure that copyright law could accommodate technological change. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 448 n.31 (1984) (quoting H.R. Rep. No. 94-1476, at 65-66 (1976)) (noting that Congress rejected "a rigid, bright line approach" to fair use and that such flexibility was key to the continuing achievement of copyright's aims "during a period of rapid technological change.").

To ensure that breathing space for new technologies, the Supreme Court has repeatedly cautioned that the courts confronted with such technologies should err on the side of fair use. In *Sony*, the Court observed that where "Congress has not plainly marked our course, we must be circumspect in construing the scope of rights created by a legislative enactment which never contemplated such a calculus of interests." *Id*. at 431. Thus, the Court held that time-shifting was fair use, and left it to Congress to decide otherwise: "It may well be that Congress will take a fresh look at this new technology, just as it so often has examined other innovations in the past. But it is not our job to apply

laws that have not yet been written." *Id*. at 456.

Similarly, the Ninth Circuit teaches that where, as here, technological change "has rendered an aspect or application of the Copyright Act ambiguous," then that ambiguity should be resolved in favor of the public good. *Sega*, 977 F.2d at 1527. That approach helped created breathing space for the emergence of new technologies such as compatible video games in *Sega*; and new search engines in cases such as *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015) *cert. denied*, 136 S. Ct. 1658 (2016), and *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007).

The Panel Decision, by contrast, took a narrow and rigid approach. The Panel Decision focuses on Oracle's private commercial interests, particularly in its discussion of fair use factors one and four. The opinion thus narrowly construes fair use for a new technology, instead of resolving any ambiguity broadly. Indeed, *the jury* had no trouble applying the teachings of the Supreme Court and other circuits—yet another reason the panel should have left the jury's conclusion undisturbed.

### C. The Panel Decision's Analysis of the Second Fair Use Factor Conflicts with *Sega* and *Sony*

The Panel Decision's analysis of fair use factor two is especially problematic. The second factor looks to "the nature of the copyrighted work." 17 U.S.C. § 107(2). In weighing factor two, the Panel Decision called it "not

terribly significant" and having "less significance" than the other factors. 886 F.3d at 1205.

Not coincidentally, *none* of the cases the Court cited for that proposition involved functional aspects of computer programs. In particular, the Panel Decision ignored *Sega*, 977 F.2d 1510, the leading Ninth Circuit case on fair use of functional aspects of computer programs. In its fair use analysis, *Sega* observed:

> The second statutory factor, the nature of the copyrighted work, reflects the fact that not all copyrighted works are entitled to the same level of protection.
>
> . . .
>
> [T]he programmer's choice of program structure and design may be highly creative and idiosyncratic. However, computer programs are, in essence, utilitarian articles—articles that accomplish tasks. As such, they contain many logical, structural, and visual display elements that are dictated by the function to be performed, by considerations of efficiency, or by external factors such as compatibility requirements and industry demands.

977 F.2d at 1524 (citations omitted). The court concluded that "[u]nder the Copyright Act, if a work is largely functional, it receives only weak protection. 'This result is neither unfair nor unfortunate. It is the means by which copyright advances the progress of science and art.'" *Id*. at 1527 (quoting *Feist*, 499 U.S. at 1290). The Ninth Circuit confirmed its commitment to the *Sega* ruling eight years later, in *Sony Computer Ent'mt, Inc. v. Connectix Corp.*, 203 F.3d 596, 602–03 (9th Cir. 2000).

Thus, the Ninth Circuit does not share the Panel Decision's view that the second fair use factor is "not terribly significant." Under Ninth Circuit precedent, in cases concerning functional works such as those here and in *Sega*, factor two is *highly* significant. In *Sega*, Accolade used the functional elements of Sega's software for commercial purposes—just as Oracle accuses Google of doing here. Nevertheless, taking due account of the second fair use factor, the Ninth Circuit found that Accolade's copying of Sega's functional requirements for compatibility was fair use as a matter of law, and reversed the district court's preliminary injunction. *Sega*, 977 F.2d at 1524-28. Here, the jury was entitled to give factor two great weight in its fair use analysis. The Panel Decision's rejection of the jury's conclusions squarely conflicts with the Ninth Circuit.

The Panel Decision also conflicts with Judge Michael Boudin's influential concurring opinion in *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807 (1st Cir. 1995), *aff'd by an equally divided court*, 516 U.S. 233 (1996). In that case, Lotus was attempting to claim copyright protection over the functional aspects of its spreadsheet computer menus. Judge Boudin asked "why customers who have learned the Lotus menu and devised macros for it should remain captives of Lotus because of an investment in learning made by the users and not by Lotus." *Id*. at 821. Thus, Judge Boudin concluded that Borland's use of the Lotus menus could be called a fair or "privileged" use. *Id*. The same was true

here.

### D. The Panel Decision Conflicts with Ninth Circuit Law on the Third Factor

In the record below, there was no dispute that the amount of the copyrighted work that Google used was quantitatively insignificant. JMOL Order at 17; Appx at 51246-47. The Panel Decision nevertheless concluded that factor three "arguably weighs against" fair use as a matter of law because, in the Panel's view, the Java APIs used were qualitatively significant. *Oracle Am.*, 886 F.3d at 1207.

But the Panel Decision also acknowledged that the small portion of Java that Google used was for functional reasons—to use the Java API's functionality for reasons such as capitalizing on the training and experience of software developers in using the APIs. *Id*. at 1206–07. Under Ninth Circuit precedent, that functional purpose should have tilted the factor three analysis in favor of fair use. *SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273, 1279 (9th Cir. 2013).

## CONCLUSION

The Court should grant rehearing en banc to conform its view of copyright to that of the Supreme Court, the Ninth Circuit, and several other Circuits.

June 11, 2018

Respectfully submitted,

ELECTRONIC FRONTIER FOUNDATION

By: /s/ Michael Barclay
Michael Barclay
(*Principal Attorney of Record*)
Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109-7701
Tel: (415) 436-9333
Fax: (415) 436-9993
michael@eff.org

*Attorneys for Amicus Curiae Electronic Frontier Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2018, I caused the foregoing BRIEF OF AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF THE PETITION FOR REHEARING EN BANC to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ Michael Barclay
Michael Barclay

ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109-7701
Tel: (415) 436-9333
Fax: (415) 436-9993
michael@eff.org

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS PURSUANT TO FED. R. APP. P. 32(a)(7)(C)**

I hereby certify as follows:

1. The foregoing Brief of Amicus Curiae Electronic Frontier Foundation In Support of the Petition for Rehearing En Banc complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Fed. Cir. R. 35(g), as in effect of this case's docketing date. The brief is printed in proportionally spaced 14-point type, and the brief is 10 pages long (excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and by Fed. Cir. R. 32(b)). (In the event that the current rules apply, this brief has 2,458 words according to the word count of the word-processing system used to prepare the brief.)

2. The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and with the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft® Word for Mac 2011 in 14-point Times New Roman font.

June 11, 2018

/s/ Michael Barclay
Michael Barclay

*Attorneys for Amicus Curiae*
*Electronic Frontier Foundation*